

# LAW OFFICES OF
# WILLIAM CAFARO

www.cafaroverdicts.com

*William Cafaro, Esq.*
ADMITTED IN NY, CA, MD & TX

108 West 39th Street, Suite 602
New York, New York 10018
Telephone: 212.583.7400
Facsimile: 212.583.7401
Email: bcafaro@cafaroesq.com

January 24, 2014

**VIA ECF**
Hon. Allyne R. Ross U.S.D.J
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: Antonio Moreno De Jesus v. Address Signs Inc., et al.
Index No.:13-CIV-5629(ARR)(VMS)

Your Honor:

Plaintiff submits this letter in response and opposition to Defendants Barry Borgen ("Borgen") and Simon Alvarez ("Alvarez") (collectively "Defendants") pre-motion request for permission to move to dismiss Plaintiff's Complaint. Plaintiff respectfully disputes that Defendants are entitled to dismissal under Rule 12(b)(6). Plaintiff has adequately stated his claim consistent with the pleading requirements of Rule 8 and all applicable case law.

## A. Standard of Review

To withstand a motion to dismiss, a complaint must plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp.* v. *Twombly,* 127 S.Ct. 1955, 1974 (2007); see also *Patane* v. *Clark,* 508 F.3d 106, 111-12 (2d Cir. 2007). The factual allegations "must be enough to raise a right to relief above a speculative level." *Twombly, supra* at 1974. The Court must accept all well-pleaded allegations of the claim as true and must draw all reasonable inferences in the claimant's favor. *Twombly, supra* at 1965. "While *Twombly* does not require heightened fact pleading of specifics, it does require enough facts to 'nudge [the] claims across the line from conceivable to plausible.'" *In re Elevator Antitrust Litig.,* 502 F.3d 47, 50 (2d Cir. 2007), (quoting *Twombly,* 127 S.Ct. at 1974). Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegation in the complaint. *Twombly, supra* at 1964.

Re: Antonio Moreno De Jesus v. Address Signs Inc., et al. Index No.:13-Civ-5629(ARR)(VMS

## B. Plaintiff's Fair Labor Standards Act and New York Labor Law Claims Sufficiently Plead an Employment Relationship with the Defendants

Under the FLSA, an "employee" is "any individual employed by an employer," 29 U.S.C. § 203(e)(l), and an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee". 29 U.S.C. § 203(d). To "employ" means "to suffer or permit to work." 29 U.S.C. § 203(g).

The Supreme Court has referred to the "striking breadth" of the FLSA's definition of the persons who are considered to be employees. *Nationwide Mut. Ins. Co. v. Darden,* 503 U.S. 318, 326, (1992); see also *Rutherford Food Corp.* v. *McComb,* 331 U.S. 722, 729 (1947) ("This Act contains its own definitions, comprehensive enough to require its application to many persons and working relationships, which prior to this Act, were not deemed to fall within an employer-employee category." (internal quotation marks omitted)); accord *Frankel* v. *Bally, Inc.,* 987 F.2d 86, 89 (2d (3.1993) (noting that in light of "the expansive nature of the FLSA's definitional scope and the remedial purpose underlying the legislation," courts, including the Supreme Court, have construed the statute to reach beyond the common law standard for determining employee status).

In light of this broad interpretation of "employee" under the statute, this circuit has "treated employment for FLSA purposes as a flexible concept." *BarJield v.* N. *Y. City Health & Hosps. Corp.,* 537 F.3d 132, 141 (2d Cir.2008). In the context of a motion to dismiss, district courts in this Circuit have therefore found that complaints sufficiently allege employment when they state where the plaintiffs worked, outline their positions, and provide their dates of employment. See, e.g., *Dejesus v. HF Mgmt. Servs.,* 2013 U.S. App. LEXIS 16105, Docket No. 12-4565 (2d Cir. N.Y. Aug. 5, 2013) (reviewing a pleading which was clearly deficient in many respects[1], the Court found an employment relationship adequately plead where Plaintiff merely made conclusory statements concerning the Plaintiff's employment and responsibilities and alleged the address of the Defendant, outlined what her position generally entailed, and alleged she was an hourly employee "within the meaning of the FLSA"); *DeSilva v. North Shore-Long Island Jewish Health Sys.,* 770 F.Supp.2d 497, 508 (E.D.N.Y.2011); *Zhong v.August Corp.,* 498 F.Supp.2d 625, 628 (S.D.N.Y.2007) (where a plaintiff alleging that he "was an employee" in multiple places was found to have provided a reasonable inference that the relationship was one covered by the statute).

In *Dejesus v. HF Mgmt. Sews., LLC* the Defendant-Appellee made many of the same arguments as the Defendants make here. (See *Dejesus v. HF Mgmt. Sews.,* 2013 U.S. App. LEXIS 16105, Docket No. 12-4565 (2d Cir. N.Y. Aug. 5, 2013) Appellee Br., DE, p. 13-9). These arguments include that the Dejesus Plaintiff's Complaint "contains only conclusory statements concerning Dejesus's employment" and that the DeJesus Plaintiff's complaint is the "antithesis of the fact-based pleading required under *Twombly* and *Iqbol". Id.* The details in the Plaintiff's complaint included that the defendant employed the DeJesus Plaintiff to "promote insurance programs" and "recruit the public to join those insurance plans" for "about three years ending on or about August 31, 2011". See *Dejesus v. HF Mgmt. Sews., LLC,* 2012 U.S. Dist.

---

[1] Defendant-Appellee's brief referred to this and other pleadings filed by the same attorney as "a vivid demonstrative of *how not to plead". Dejesus v. HF Mgmt. Servs.,* 2013 U.S. App. LEXIS 16105, Docket No. 12-4565 (2d Cir. N.Y. Aug. 5, 2013) Appellee Br., DE 40, p18 (emphasis in original).

**3 | Page**

Re: Antonio Moreno De Jesus v. Address Signs Inc., et al. Index No.:13-CIV-5629(ARR)(VMS

LEXIS 152263, Docket No. 12-CV-1298 (E.D.N.Y. Oct. 23, 2012) Comp. (hereinafter "Dejesus Complaint") DE 1 ¶¶ 18-20). The complaint then goes on to allege that "plaintiff would be paid a commission...in addition to a regular non commission wage" (Dejesus Complaint ¶21). This Circuit unequivocally stated that a complaint with such scant details concerning the employment relationship between the Plaintiff and Defendants is sufficient. *Dejesus v. HF Mgmt. Servs.*, 2013 U.S. App. LEXIS 16105 (2d Cir. N.Y. Aug. 5, 2013).

In the case at bar the Plaintiff has alleged the address of the Defendants (Complaint ¶¶ 3, 5), outlined his position for the Defendants (*Id.* at ¶ 17), outlined his schedule and his rate of pay (*Id.* at ¶¶ 18-19) and alleged he was an employee of the Defendants' within the meaning of FLSA (*Id.* ¶¶ 21-24). These facts are sufficient to allege an employment relationship between the Plaintiff and the Defendants. Therefore, the motion to dismiss the complaint against the individual defendants must be denied.

## B. Plaintiff is Willing to Amend the Complaint

While the existing pleading clearly meets the standard articulated by the second Circuit only a few months ago, this does not meant that the motion will not be made. In order to save the Court the futility of this exercise, the Plaintiff is willing to amend his Complaint in order to allege the following operative facts:

1. Both Alvarez and Borgen had the power to hire employees, and the individual Defendant Alvarez hired the Plaintiff on or about June 1, 2008;

2. Both Alvarez and Borgen had the power to fire the employees, and the individual Defendant Borgen fired the Plaintiff on or about August 22, 2013;

3. Both Alvarez and Borgen controlled the terms of his employment in that each would tell him what tasks to complete and on what time frame they needed to be completed in;

4. Both Alvarez and Borgen determined the rate and method of payment for all employees. Specifically, in the case of the Plaintiff, the Defendant Alvarez determined his rate of payment upon hire and determined raises and the Defendant Borgen determined his method of payment;

5. Upon information and belief, Alvarez and Borgen each maintained employment records for all employees and for the Plaintiff specifically.

Counsel is available at the Court's convenience, should the Court have any question about the matters and issues raised in this letter.

Respectfully submitted,
Law Offices of William Cafaro

Amit Kumar, Esq. (AK0822)

cc: Paul J. Siegel, Esq. (via ECF)