UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ANTONIO MORENO DE JESUS,                           Case No.13-CIV-5629

                        Plaintiff,

                -vs.-                                     **FIRST AMENDED**
                                                                          **COMPLAINT**

ADDRESS SIGNS INC. d/b/a AVANT GUARDS
OF NEW YORK INC., BARRY S. BORGEN
and SIMON ALVAREZ,

                        Defendants.
-----------------------------------------------------------------X

       Plaintiff ANTONIO MORENO DE JESUS, by and through his attorneys, the LAW OFFICES OF WILLIAM CAFARO, complaining of the Defendants, hereby alleges as follows:

### *THE PARTIES*

       1.     Plaintiff ANTONIO MORENO DE JESUS, (hereinafter "De Jesus") is an individual residing in Brooklyn, New York.

       2.     Upon information and belief, Defendant ADDRESS SIGNS INC. d/b/a AVANT GUARDS OF NEW YORK INC., (hereinafter "Avant Guards") was and is a domestic corporation whose principal place of business is located at 232 Varet Street, Brooklyn, NY 11206.

3. Upon information and belief, Defendant BARRY S. BORGEN, (hereinafter "Borgen") is an individual, whose actual place of business is located at 232 Varet Street, Brooklyn, NY 11206.

4. Upon information and belief, at all times herein pertinent, Defendant Borgen served as a principal, officer and/or manager of Defendants Avant Guards.

5. Upon information and belief, Defendant SIMON ALVAREZ, (hereinafter "Alvarez") is an individual whose actual place of business is located at 232 Varet Street, Brooklyn, NY 11206.

6. Upon information and belief, at all times herein pertinent, Defendant Alvarez served as a principal, officer and/or manager of Defendants Avant Guards.

7. Upon information and belief, for the calendar year 2010 the gross receipts of AVANT GUARDS were not less than $500,000.00.

8. Upon information and belief, for the calendar year 2011 the gross receipts of AVANT GUARDS were not less than $500,000.00.

9. Upon information and belief, for the calendar year 2012 the gross receipts of AVANT GUARDS were not less than $500,000.00.

10. Upon information and belief, for the calendar year 2013 the gross receipts of AVANT GUARDS were not less than $500,000.00.

## *JURISDICTION AND VENUE*

11. Jurisdiction is based upon 28 U.S.C. § 1331, insofar as it involves a statute of the United States, specifically, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and Plaintiff relies upon 28 U.S.C. § 1367 to invoke supplemental jurisdiction with respect to the state law claims which form another basis for recovery upon the same factual nexus, specifically Articles 6 & 19 of the Labor Law and 12 NYCRR § 142-2.2 and 12 NYCRR § 142-2.4.

12. Venue is based upon 28 U.S.C. § 1391(b)(1), insofar as at least one of the Defendants resides within this Judicial District, and (b)(2), insofar as a substantial part of the events giving rise to the within causes of action occurred in this Judicial District.

## *FACTUAL ALLEGATIONS*

13. At all times herein pertinent, the Defendants, and each of them, were engaged in an industry having an affect on commerce within the meaning of 29 U.S.C. § 203.

3

14. At all times herein pertinent, and in the course of his duties, Plaintiff regularly handled products which had been moved in commerce.

15. Avant Guards operates as a window guard and security screens company.

16. Plaintiff was employed by the Defendants from on or about June 1, 2008 and worked up and until August 22, 2013.

17. Plaintiff was assigned various duties including but not limited to painting, waxing, priming, sheet rocking, metalizing, torching and general construction.

18. Plaintiff usually worked seven days a week from 7 AM to 7 PM., until on or about January 2013, when his hours were reduced to no more than forty per work week.

19. Plaintiff was paid $10.00 an hour until on or about January 1, 2012. On or about January 1, 2012 Plaintiff was afforded a pay increase to $11.50 per hour. His pay was $11.50 per hour from on or about January 1, 2012, until his termination.

20. Plaintiff regularly worked for the Defendants in excess of forty (40) hours a week but never received an overtime premium of one and one half times his regular rate of pay for those hours. Plaintiff was also never compensated an additional hour's pay at the prevailing State minimum wage for his spread of hours.

21. At all times herein pertinent, the Plaintiff performed his duties for Defendants Avant Guards at the direction and under the control of Defendants Borgen and Alvarez.

4

22. Upon information and belief, and at all times herein pertinent, Defendants Borgen and Alvarez exercised close control over the managerial operations of Avant Guards including the policies and practices concerning employees.

23. At all times herein pertinent, Defendants Borgen and Alvarez controlled the terms and conditions of employment, supervised employees, made decisions as to hiring and firing and as to wages with respect to the employees of Avant Guards in general, and with respect to the Plaintiff in particular.

24. At all times herein pertinent, both Alvarez and Borgen had the power to hire employees, and the individual Defendant Alvarez hired the Plaintiff on or about June 1, 2008.

25. At all times herein pertinent, both Alvarez and Borgen had the power to fire the employees, and the individual Defendant Borgen fired the Plaintiff on or about August 22, 2013.

26. During the time period alleged in this Complaint, both Alvarez and Borgen controlled the terms of his employment in that each would tell him what tasks to complete and on what time frame they needed to be completed in.

27. During the time period herein alleged, both Alvarez and Borgen determined the rate and method of payment for all employees. Specifically, in the case of the Plaintiff,

5

the Defendant Alvarez determined his rate of payment upon hire and determined raises and the Defendant Borgen determined his method of payment;

28.     Upon information and belief, Alvarez and Borgen each maintained employment records for all employees and for the Plaintiff specifically.

29.     At all times herein pertinent, Defendants Borgen and Alvarez acted as Plaintiff's employer within the meaning of the FLSA and the New York State Labor Law.

### *AS AND FOR A FIRST CAUSE OF ACTION*
### *FEDERAL FAIR LABOR STANDARDS ACT*
### *AGAINST THE DEFENDANTS, AND EACH OF THEM*
### *(OVERTIME)*

30.     Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

31.     All of the foregoing constituted willful and repeated violations of the Fair Labor Standards Act, so the applicable statute of limitations is three years pursuant to 29 U.S.C. § 255(a).

32.     Defendants herein knowingly and willfully violated 29 U.S.C. § 207 by failing to pay Plaintiff overtime pay at the premium rate of one and one half times his regular rate of pay.

## *AS AND FOR A SECOND CAUSE OF ACTION*
## *STATE WAGE AND HOUR LAW*
## *AGAINST THE DEFENDANTS, AND EACH OF THEM*
## (OVERTIME)

33. Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

34. Defendants herein knowingly and in bad faith violated Articles 6 & 19 of the New York State Labor Law and 12 NYCRR §142-2.2 by failing to pay Plaintiff overtime pay at the premium rate of one and one half times Plaintiff's regular rate of pay.

## *AS AND FOR A THIRD CAUSE OF ACTION*
## *NEW YORK STATE LABOR LAW*
## *AGAINST THE DEFENDANTS, AND EACH OF THEM*
## (SPREAD-OF-HOURS & SPLIT-SHIFT PAY)

35. Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

36. The Defendants herein knowingly, willfully and in bad faith violated Articles 6 & 19 of NYLL, and more particularly 12 NYCRR § 142-2.4, by failing to pay Plaintiff, one hour's pay at the prevailing minimum wage rate for each day during which he worked a split shift and/or his spread of hours exceeded 10 hours.

**WHEREFORE**, Plaintiff prays for judgment as against the Defendants, and each of them, as follows:

(a) Awarding back pay for overtime pay due and owing to the Plaintiff;

(b) Awarding back pay for spread-of-hours and split-shift pay due and owing to the Plaintiff;

(c) Awarding liquidated damages pursuant to 29 U.S.C. § 216(b) and/or the New York State Labor Law, Articles 6 & 19, §§ 198(1-a), 663(1);

(d) Awarding the costs and disbursements of this action, along with reasonable attorney's fees pursuant to 29 U.S.C. § 216(b) and/or the New York State Labor Law, Articles 6 & 19, §§ 198(1-a), 663(1);

(e) Awarding any other relief this Court deems just, proper and equitable.

Dated: New York, New York
February 5, 2014

                                     Respectfully submitted,
                                     LAW OFFICES OF WILLIAM CAFARO

                                     _____
                                     Amit Kumar (AK0822)
                                     Attorneys for Plaintiff
                                     108 West 39th Street, Suite 602
                                     New York, New York 10018
                                     (212) 583-7400
                                     File No. 52735

To:

Jackson Lewis, P.C
Attorneys for Defendants
58 S. Service Road, Suite 410
Melville, New York 11747

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANTONIO MORENO DE JESUS,   Case No. 13-Civ-5629

                Plaintiff,

-vs.-

ADDRESS SIGNS INC. d/b/a AVANT GUARDS
OF NEW YORK INC., BARRY S. BORGEN
and SIMON ALVAREZ,

                Defendants.
------------------------------------------------------------X

**FIRST AMENDED COMPLAINT**

LAW OFFICES OF WILLIAM CAFARO
Attorneys for Plaintiff
108 West 39th Street, Suite 602
New York, New York 10018
(212) 583-7400
File No. 52735

10